## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **AKEEM NELSON**<br>4601 Parkwood Avenue<br>Baltimore, MD 21206 | *<br><br>* |
| and | * |
| **DANIELLE WHITE**<br>1918 Waltman Road<br> Edgewood, Maryland 21040 | *<br><br><br>* |
| *Plaintiffs,* | *   Civil Case No._____ |
| | **JURY TRIAL DEMANDED** |
| v. | * |
| **BALTIMORE COUNTY, MD**<br>**Serve:** James R. Benjamin Jr., Esq.<br>County Attorney Historic Courthouse<br>100 Washington Avenue<br>Towson, MD 21204 | *<br><br><br>* |
| and | * |
| **OFFICER A. SIHOTA**<br>*Individually and in his Official Capacity*<br>*as a Baltimore County Police Officer*<br>700 E. Joppa Road<br>Towson, MD 21286 | *<br><br>* |
| and | |
| **OFFICER J. MIMS**<br>*Individually and in his Official Capacity*<br>*as a Baltimore County Police Officer*<br>700 E. Joppa Road<br>Towson, MD 21286 | *<br><br>* |
| *Defendants.* | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiffs Akeem Nelson and Danielle White (hereinafter "Mr. Nelson" or "Plaintiff Nelson" and "Ms. White" or "Plaintiff White", respectively; collectively, "Plaintiffs"), by and through their  undersigned attorneys Oana Brooks and BrooksLaw LLC, files this Complaint against Baltimore County, Maryland, and Baltimore County Police Officers A. Sihota (individually, "Defendant Sihota") and J. Mims (individually, "Defendant Mims"), (collectively, "Officer Defendants"), and in support thereof states the following:

## PARTIES

1.      Plaintiff Nelson is, and was at all times relevant to the occurrence complained of herein, an adult resident of Baltimore County, Maryland.

2.      Plaintiff White is, and was at all times relevant to the occurrence complained of herein, an adult resident of Baltimore County, Maryland.

3.      Defendant Baltimore County is a municipal corporation organized under the provisions of Art. XI-A of the Maryland Constitution.  At all times mentioned, Baltimore County employed the individual defendants, Officers Sihota and Mims, as police officers.

4.      Defendant Sihota is, and was at all times relevant to the occurrence complained herein, employed by the Baltimore County Police Department as a patrol officer, and at all times relevant hereto, was acting in his individual capacity and/or his official capacity as a Baltimore County police officer.  At all times relevant, he was employed and engaged in an occupation with the Baltimore County Police Department.  As such, he was acting under the authority and color of state law at all times relevant hereto.

5.      Defendant Mims is and was at all times relevant to the occurrence complained herein, an adult resident of Baltimore County, and was at all times relevant to the

2

occurrence complained of herein, employed by the Baltimore County Police Department as a patrol officer. At all times relevant, he was employed and engaged in an occupation with the Baltimore County Police Department. As such, he was acting under the color of state law at all times relevant hereto.

**JURISDICTION AND VENUE**

6.      The above and all other allegations herein are incorporated by reference as if fully set forth.

7.      This case presents an actual case and controversy arising under the Fourth and Fourteenth Amendments to the United States Constitution and asserts claims for relief under 42 U.S.C., Sections 1983 and 1985, as well as claims for relief under Article 24 of the Maryland Constitution, and Maryland State law.

8.      Jurisdiction is proper pursuant to 28 U.S.C., Section ("§") 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law, by virtue of 28 U.S.C. § 1367.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), in as much as Plaintiffs' causes of action arose in the District of Maryland, and at all times relevant to this action, all Defendants were found in the District.

10.     Plaintiff provided proper constructive notice of their claims under the Local Government Tort Claims Act, § 5-301 *et. seq.* of the Courts and Judicial Proceedings Article, and are in full compliance with said Act. Plaintiffs have fully complied with all conditions precedent to filing suit.

11.     The Complaint was filed within three years of the cause of action.

## FACTS COMMON TO ALL COUNTS

12.     The above and all other allegations herein are incorporated by reference as if fully set forth.

13.     On or about March 1, 2020, at approximately 1:33 AM, Plaintiffs were traveling in Baltimore County, in Plaintiff White's personal vehicle, that she was driving, while Plaintiff Nelson was in the front passenger seat.

14.     While operating her vehicle, Plaintiffs White sideswept a parked, unoccupied vehicle.

15.     Plaintiffs were on scene and had attempted to move Plaintiff's White vehicle out of the intersection when Defendant Sihota, other County police officers, and Defendant Mims arrived at the scene.

16.     Plaintiffs were each questioned in regard to who was driving the vehicle at the time of the accident, as well as who owned the vehicle.

17.     Plaintiff White indicated that she was the registered owner and that she had been driving the vehicle.

18.     Plaintiff Nelson indicated that he was a passenger, Plaintiff White had been driving the vehicle, and that it was her vehicle.

19.     On body worn camera footage, Petitioner Nelson can be observed stating that he was not the driver of the vehicle and inquiring as to the reason he was being detained. Further, he points out that County officers were by that time aware of his identity and could locate him in the future if they needed to do so. He was still not permitted to leave and told it was due to "the accident."

20.     Petitioner White repeatedly indicated she was the driver of the vehicle.

21.     Defendant Sihota, having received information from Defendant Mims that Nelson was the driver, challenged their version of events.

22.     Defendant Mims, who was on scene at that point, repeatedly identified Plaintiff Nelson as the driver, and in fact claimed the event had been captured on his Ring camera and showed Nelson driving at the time of the accident, an assertion that was later proven untrue.

23.     Later that night, Mims provided a written statement wherein he described what he claimed to have witnessed, and continued to identify Plaintiff Nelson as "the male who was originally driving."

24.     Plaintiffs were both arrested and transported to the Baltimore County Police, Towson

precinct.

25.     They were each charged criminally for making a false statement to police,[1] the basis of which was identified as their respective reporting that Plaintiff White was the driver, which was in contrast to Mims' identification of Nelson as the driver.

---

[1] Section 9-501 (False statement - To law enforcement officer) of the Maryland Criminal Law Article states as follows:

> (a) Prohibited.- A person may not make, or cause to be made, a statement, report, or complaint that the person knows to be false as a whole or in material part, to a law enforcement officer of the State, of a county, municipal corporation, or other political subdivision of the State, or of the Maryland-National Capital Park and Planning Police with intent to deceive and to cause an investigation or other action to be taken as a result of the statement, report, or complaint.

> (b) Penalty.- A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 6 months or a fine not exceeding $500 or both.

26.     In addition, Petitioner Nelson was issued four (4) citations for alleged violations of the Maryland Transportation Code in regard to failing to remain at the scene of an accident[2]; and Petitioner White was charged with disorderly conduct.

27.     Neither was charged with any alcohol-related driving offense, and County Police investigative materials later revealed that "probable cause" did not exist for such charges.

28.     The *Statement of Probable Cause* and the *Incident Report* included the depiction of events provided by Defendant Mims as justification for Plaintiffs' arrests, with Defendant Sihota writing the following in the *Incident Report*: "[i]t should be especially mentioned that Officer Mims' "Ring" doorbell camera captured video of the events depicted by him, as mentioned before."

29.     While in custody, Plaintiffs' employer,[3] the Baltimore City Police Department was notified, and investigators from the City's Internal Affairs arrived.

30.     Beginning that night, and ongoing, Plaintiffs faced adverse employment actions that included suspension for more than two years.

31.     On June 23, 20202, the criminal and traffic charges were dismissed by the Baltimore County State's Attorney's Office via nolle prosequi.

32.     Administrative charges were initially brought against Plaintiffs, respectively, but were also ultimately dismissed.

33.     As a result of the Defendants' actions and Defendant Sihota's illegal arrest of the Plaintiffs, which was not supported by probable cause and legal justification, the Plaintiffs incurred unnecessary legal expenses to defend themselves of the charges placed against them,

---

[2] Petitioner Nelson was charged with violating the Maryland Transportation Code ("TA") as follows: TA 20.105A, B, C (3 citations) **AND** 20.104D.

[3] Plaintiffs were, and are police officers employed by the Baltimore City Police Department ("BPD").

respectively;

34.     Plaintiffs sustained extreme embarrassment and humiliation from being arrested without cause and legal justification in front of other police officers, and the Plaintiffs further sustained severe mental and physical pain[4] as a result of the Defendant's illegal and unjustified arrest of him.

35.     As a result of the illegal arrest by the Defendants, Plaintiffs have suffered ongoing trauma, difficulties with relationships with colleagues and family, and ongoing adverse employment consequences.

36.     Plaintiffs now have distrust of other police officers, and unease around colleagues, that did not exist before their interactions with the Defendants.

## COUNT I
### (42 USC 1983 – 14th Amendment Excessive Force)
### Versus the Individual Defendants

37.     Plaintiffs adopt and incorporate by reference the allegations contained in all other paragraphs herein with the same effect as if herein fully set forth.

38.     Defendants Sihota and Mims deprived Plaintiffs of their rights under the Fourteenth Amendment of the United States Constitution.

39.     At all times relevant hereto, Defendants Sihota and Mims deliberately subjected Plaintiffs to the deprivation of their rights with actual or implied malice, using unreasonable and unnecessary force

## COUNT II
### (42 USC 1983 – 14th Amendment Malicious Prosecution)
### Versus the Individual Defendants

---

[4] It was later revealed that Plaintiff White sustained a concussion during the accident.  Her requests for medical treatment were denied, and in fact, Defendants mocked her pleas and dismissed her concerns, suggesting she was untruthful.

40.     Plaintiffs adopt and incorporate by reference the allegations contained in all other

paragraphs herein with the same effect as if herein fully set forth.

### COUNT III
### (42 USC 1983 – 4th Amendment False Arrest & False Imprisonment)
### Versus the Individual Defendants

41.     Plaintiffs adopt and incorporate by reference the allegations contained in all other

paragraphs herein with the same effect as if herein fully set forth.

### COUNT IV (Monell Claim – 14th Amendment)
### Baltimore County

42.     Plaintiffs adopt and incorporate by reference the allegations contained in all other

paragraphs herein with the same effect as if herein fully set forth.

### COUNT V (Maryland Declaration of Rights – Articles 24 & 26)
### Versus the Individual Defendants

43.     Plaintiffs adopt and incorporate by reference the allegations contained in all other

paragraphs herein with the same effect as if herein fully set forth.

### COUNT VI (Maryland Declaration of Rights – Articles 24 & 26 Malicious Prosecution)
### Versus the Individual Defendants

44.     Plaintiffs adopt and incorporate by reference the allegations contained in all other

paragraphs herein with the same effect as if herein fully set forth.

### COUNT VII (Maryland Declaration of Rights – Article 26 False Arrest
### & False Imprisonment) Versus the Individual Defendants

45.     Plaintiffs adopt and incorporate by reference the allegations contained in all other

paragraphs herein with the same effect as if herein fully set forth.

### JURY DEMAND

Plaintiffs Nelson and White demand a trial by jury as to all claims.

_____/s/ Oana A. Brooks – 3/1/2023

Fed. Bar No. 28330
BROOKS LAW LLC
The Houston-Marshall Law Building
12 E. Pleasant Street
Baltimore, Maryland 21202
410-779-3100
oanabrooks@obrookslaw.com